UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS C. CASCIO,

                      Plaintiff,

v.                                                                                       8:09-CV-1128
                                                                                           (GTS/DRH)
MAREVA NETTLES, Individually and
as Administrator of the Estate of
David C. Nettles; THE ESTATE OF DAVID
C. NETTLES; and ROBERT FERGUSON,

                      Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

LAW OFFICE OF WAYNE P. SMITH             WAYNE P. SMITH, ESQ.
   Counsel for Plaintiff
157 Barrett Street
Schenectady, NY 12305

FLINK SMITH, LLC                                       JAY A. SMITH, ESQ.
   Counsel for Defendant Mareva Nettles            EDWARD FLINK, ESQ.
   and Defendant Estate of David C. Nettles
23 British American Boulevard
Latham, NY 12110

THUILLEZ, FORD GOLD, BUTLER & YOUNG, LLP    WILLIAM C. FIRTH, ESQ.
   Counsel for Defendant Furguson
20 Corporate Woods Boulevard, 6th Floor
Albany, NY 12211-1715

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court in this personal injury action, filed by Thomas C. Cascio

("Plaintiff") against the three above-captioned defendants, is a motion filed by two of those

Defendants–Mareva A. Nettles and the Estate of David C. Nettles ("the Nettles Defendants")–for

judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), based on the failure to assert a compulsory counterclaim as required by Fed. R. Civ. P. 13(a) and, alternatively, based on the doctrine of *res judicata*. (Dkt. No. 34.) For the reasons set forth below, the Nettles Defendants' motion is granted.

**I.      RELEVANT BACKGROUND**

   **A.      Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges that, on October 10, 2006, at approximately 7:51 a.m. in the Town of Keen, New York, David C. Nettles recklessly operated his motor vehicle, which resulted in a "violent collision" between his motor vehicle and the motor vehicle operated by Plaintiff, causing Plaintiff to sustain serious and permanent bodily injuries, as defined by N.Y. Ins. Law § 5102, as well as property damage to his vehicle. (Dkt. No. 1.) Based on these factual allegations, Plaintiff's Complaint asserts the following four claims: (1) a claim of negligence against Defendant Nettles; (2) a claim of property damage against Defendant Nettles; (3) a claim of negligence against Defendant Robert Ferguson; (4) a claim of property damage against Defendant Robert Ferguson. (*See generally id*.) Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

   **B.      The Nettles Defendants' Amended Answer**

Among the defenses asserted by the Nettles Defendants in their Amended Answer are the following three defenses: (1) "Plaintiff's claims against the Nettles defendants fail by virtue of the doctrine of *res judicata*"; (2) "Plaintiff's claims against the Nettles defendants fail by virtue of the doctrine of *collateral estoppel*"; and (3) "Plaintiff's claims against the Nettles defendants

fail by virtue of plaintiff's failure to plead any mandatory counterclaim required pursuant to FRCP Rule 13(a) for injury or damage to his person and/or property in the action brought by defendant Nettles in the Federal Court of the Northern District of New York under Case No. 8:08-CV-0063 in which plaintiff THOMAS C. CASCIO was a defendant." (Dkt. No. 32, at ¶¶ 17-19 [emphasis in original].) *See also Estate of David C. Nettles v. Cascio*, 08-CV-0063, Answer (N.D.N.Y. filed Feb. 26, 2008) ("Action 1").

### C. The Nettles Defendants' Motion

Generally, in support of their motion for judgment on the pleadings, the Nettles Defendants argue as follows: (1) Plaintiff's claims are barred by Fed. R. Civ. P. 13(a) because they were compulsory counterclaims that must have been, but were not, brought during the first action; and (2) alternatively, Plaintiff's claims are barred by the doctrine of *res judicata*. (*See generally* Dkt. No. 34, Attach. 2 [Nettles Defs.' Memo. of Law].)

Generally, in response to the Nettles Defendants' motion for judgment on the pleadings, Plaintiff argues as follows: (1) as an initial matter, the Nettles Defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) must be analyzed as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which precludes considering matters outside the pleadings without converting the motion into one for summary judgment; (2) in any event, pursuant to the reasoning employed in *Reynolds v. Hartford Accident and Indem. Co.,* 278 F. Supp. 331 (S.D.N.Y. 1967), Plaintiff's claims are not barred under Fed. R. Civ. P. 13(a) because Action 1 was managed, controlled, and settled by Plaintiff's insurance company and not Plaintiff, who was merely a bystander under disability in Action 1; and (3) similarly, Plaintiff's claims are not barred by the doctrine of *res judicata* because Plaintiff was not a party to the settlement in Action 1. (*See generally* Dkt. No. 42 [Plf.'s Response Memo. of Law].)

Generally, in reply to Plaintiff's response, the Nettles Defendants argue as follows: (1) on a motion for judgment on the pleadings, a court may dismiss a claim on either the ground that it was an impermissibly asserted counterclaim under Fed. R. Civ. P. 13(a) or the ground of *res judicata*; (2) Plaintiff's claim was compulsory and is therefore barred by Fed. R. Civ. P. 13(a) and/or *res judicata*; and (3) the case of *Reynolds v. Hartford Accident and Indem. Co.,* on which Plaintiff relies, was incorrectly decided, and in any event is distinguishable from the current action, which involves the right to bring unasserted counter-claims in a subsequent, not simultaneous, action. (*See generally* Dkt. No. 44 [Nettles Defs.' Reply Memo. of Law].)[1]

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Judgments on the Pleadings

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is governed by the same standard as is the standard governing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983). For the sake of brevity, the Court will not recite that well-known standard in this Decision and Order, which again is intended primarily for the review of the parties. Rather, the Court will elaborate on the standard governing the conversion of a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

---

[1] In their reply, the Nettles Defendants also argue, for the first time, that a dismissal of the Complaint requires dismissal of Defendant Ferguson's cross-claim. (Dkt. No. 44.) The Court need not consider this request because it was raised for the first time in the reply memorandum of law. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (noting that arguments raised for the first time in a reply brief are considered waived); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.").

Rule 12(d) of the Federal Rules of Civil Procedure provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, such conversion is not necessary if the "matters" in question consist of (1) documents attached to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011).

For example, courts are permitted to dismiss a claim on the ground of *res judicata* on a motion for judgment on the pleadings where a pleading references the prior action that assertedly has preclusive effect.[2] The same is true with regard to the ground of the failure to assert a

---

[2]   *See Faconti v. Potter*, 242 F. App'x 775 (2d Cir. 2007), *affirming Faconti v. Henderson*, 01-CV-2600, Memorandum & Order, at 7-8 (E.D.N.Y. filed Aug. 29, 2006) (dismissing claims based on *res judicata* pursuant to Fed. R. Civ. P. 12[c] because, "[h]ere, the court relies on the pleadings, documents incorporated by reference, and matters of which the court takes judicial notice") [emphasis added]; *Stringer v. Liinve*, 92 F. App'x 818 (2d Cir. 2004), *affirming* 02-CV-0997, Decision and Order, at *4-5 (N.D.N.Y. filed May 30, 2003) (McAvoy, J.) (dismissing claims based on alternative ground of *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiff's complaint referenced the prior state court foreclosure proceeding of which he was complaining); *Mennella v. Office of Court Admin.*, No. 97-7811, 1998 U.S. App. LEXIS 22041 (2d Cir. 1988), *affirming*, 938 F. Supp. 128, 130-31 (E.D.N.Y. 1996) (dismissing claims based on *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiff's complaint referenced the prior state court proceeding of which he was partially complaining); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp.2d 340, 345, 351-52 (S.D.N.Y. 2010) (dismissing claims based on alternative ground of *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiffs' complaint referenced the prior state court proceeding of which they were partially complaining), *adopting in part report-recommendation*, 2010 U.S. Dist. LEXIS 31194, at *1-3 (E.D.N.Y. Jan. 27, 2010) (noting that "the gravamen of the [plaintiffs'] claims [which include claims for malicious prosecution and malicious abuse of

compulsory counterclaim.

Here, the documents in question were not attached to, or referenced in, Plaintiff's Complaint. (*See generally* Dkt. No. 1.) However, the documents were incorporated by reference in, and were integral to, the Nettles Defendants' Amended Answer. (Dkt. No. 36, at ¶¶ 17-19.)[3] More importantly, the Court finds that these documents were integral to Plaintiff's Complaint, which may not escape the preclusive effect of a prior legal proceeding between the parties by deliberately (and conspicuously) omitting any reference to in it.[4] Furthermore, while copies of the documents were not provided by any of the parties on the current motion to dismiss (*see generally* Dkt. Nos. 34, 39, 42, 44), they are public records of which the Court can take judicial notice, because they consist of pleadings, stipulations and decisions that were previously filed in

---

process] arises from proceedings related to an action in the Civil Court of the City of New York and an appeal by the [plaintiffs] of the judgment entered by the Civil Court"); *Pantoja v. Scott*, 96-CV-8593, 2001 WL 1313358, at *2, 5-9 (S.D.N.Y. Oct. 26, 2001) (considering prior decision, "annexed to the Answer," and determining that decision had barred plaintiff, based on "principles of res judicata and collateral estoppel[,] from pursuing his present Fair Housing Act claim against Kiska").

[3] At least one district court has found this fact to be sufficient to authorize consideration of such documents without converting the motion for judgment on the pleadings to a motion for summary judgment. *See Lucky Brand Dungarees Inc. v. Ally Apparel Resources LLC*, 05-CV-6757, 2006 WL 3771005, at *1 (S.D.N.Y. Dec. 20, 2006) ("Here, Defendants, in their answer, reference a May 2003 settlement agreement, entered into in connection with litigation between the parties in the United States District for the Southern District of Florida, and incorporate it into their counterclaims. The Court finds that this document is integral to Defendants' answer and so the Court will consider it in making its decision. The Court will also take judicial notice of Defendants' September 2001 Complaint and the May 2003 Dismissal with prejudice as public documents filed in Florida litigation.").

[4] *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44, 47 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on [a 12(b)(6)] motion . . . [Thus,] when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.").

a case that was pending in this very District.[5]

In any event, the Court notes that, even if it were to convert the motion to one for summary judgment, it could, and would, do so without providing notice to the parties, under the circumstances. This is because, ordinarily, before converting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) into one for summary judgment under Fed. R. Civ. P. 56, formal notice is not required where a party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings." *Villante v. Dep't of Corr. of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986) (internal quotation marks omitted) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 [2d Cir. 1985]). Here, the parties should reasonably have recognized the possibility that the motion might be converted into one for summary judgment, for the following three reasons: (1) in filing their motion, the Nettles Defendants submitted a document entitled "Statement of Material Facts," which set forth, in numbered paragraphs, each fact material to their motion, followed by a specific citation to the record where the fact is established, in the format required by Local Rule 7.1(a)(3), governing motions for summary judgment; (2) Plaintiff submitted a document entitled "Non-Moving Party's Response to Movant's Statement of Material Facts," which mirrored the Nettles Defendants' Statement of

---

[5] *See Anderson News, L.L.C. v. Am. Media, Inc.*, 732 F. Supp.2d 389, 403 (S.D.N.Y. 2010) (noting that, on a motion to dismiss, the court can take judicial notice of prior proceedings for the purpose of considering whether collateral estoppel bars the plaintiff's claims); *Candelaria v. Erickson*, 01-CV-8594, 2007 U.S. Dist. LEXIS 45549, at *6 (S.D.N.Y. June 18, 2007) ("Here, the Court will take judicial notice of Plaintiff's complaint filed [in a prior action in this District], . . . the related Stipulation and Order of Discontinuance, . . . . and the . . . Judgment Dismissing the Action with prejudice . . . , because they are public documents in an official judicial proceeding."); *Jacobs v. Law Offices of Leonard N. Flamm*, 04-CV-7607, 2005 WL 1844642, at *3 (S.D.N.Y. 2005) (granting motion to dismiss after considering letter submitted by defendant in support of its motion to dismiss, which notified the court of a prior proceeding that involved the same parties and had preclusive effect, and taking judicial notice of a finding from that prior proceeding).

Material Facts by admitting and/or denying each of the Nettles Defendants' assertions in matching numbered paragraphs, in the format required by Local Rule 7.1(a)(3), and which expressly referred to the Nettles Defendants' motion as one for "Summary Judgment on the Pleadings"; and (3) Plaintiff failed to file an affidavit or declaration, pursuant to Fed. R. Civ. P. 56(d), showing that he could not "present facts essential justify [his] opposition" to the motion, and that further discovery was therefore warranted before summary judgment could fairly be entered against him. Moreover, given the similarity between the record on a motion for summary judgment and the record on a motion to dismiss for failure to state a claim in this action, the Court finds that it would reach the same substantive conclusion under either standard. *Compare* Fed. R. Civ. P. 56 (essentially evaluating whether the *undisputed* material facts could lead to a *rational* finding in the plaintiff's favor) *with* Fed. R. Civ. P. 12(b)(6) (essentially evaluating whether the *assumed-to-be-true* factual allegations asserted by plaintiff "plausibly" or *reasonably* suggest a claim upon which relief can be granted).

     **B.    Legal Standard Governing Dismissals Based on Failure to Assert a Compulsory Counterclaim in a Prior Action**

Rule 13(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against any opposing party, if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). "[A]n absolute identity of factual backgrounds" is not required to render a counterclaim compulsory. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 [2d Cir. 1979]).[6] Rather, "[a] claim is compulsory if a logical relationship exists between the

---

[6] *See also MMZ Assocs., Inc. v. Gelco Corp.*, 06-CV-3414, 2006 WL 3531429, at *3 (S.D.N.Y. Dec. 8, 2006) ("Although this action and the Minnesota Action are not identical, combining the actions will serve the interest of judicial economy by preventing likely duplication of effort.").

claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (internal emphasis, brackets, and quotation marks omitted).[7]  "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Critical-Vac Filtration Corp.*, 233 F.3d at 699.

      **C.**      **Legal Standard Governing Dismissals Based on *Res Judicata***

"The doctrine of res judicata or claim preclusion is based on the theory that a judgment reached on the merits bars subsequent actions between the same parties or privies based on the same cause of action." *Modular Devices, inc. v. Alcatel Alenia Space Espana*, 08-CV-1441, 2009 WL 749907, at *2 (E.D.N.Y. Mar. 16, 2009) (citing, *inter alia*, *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 [2d Cir. 2002]).  Essentially, it "precludes the parties or their privies from relitigating issues that were or could have been raised in th[e prior] action." *Federated Dep' t Stores, Inc. v. Moitie*, 42 U.S. 394, 398 (1981); *accord, St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

An "order of dismissal [will] . . . bar [an] action by way of res judicata, . . . if [the] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) [in a case] involving the same cause of action.'" *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 [2d Cir. 2007]).

---

[7] *See also Jones*, 358 F.3d at 209 (noting that a claim is compulsory if it "'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,]' . . . and [the Second] Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim" [quoting Fed. R. Civ. P. 13(a)(1)(A)]); *E.E.O.C. v. Amertac Holdings Inc.*, 03-CV-6128, 2007 WL 3165796, at *3 (S.D.N.Y. Oct. 10, 2007) ("[T]his standard [is] met when there is a logical relationship between the counterclaim and the main claim." [internal quotation marks omitted]).

Of course, where a federal court issues an order, at the plaintiff's request, dismissing an action with prejudice pursuant to Fed. R. Civ. P. 41 (a)(2), there has been such a "final judgment on the merits" for purposes of *res judicata*. Moreover, the Second Circuit has explained, even where the parties have filed a joint stipulation voluntarily dismissing a federal court action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)–i.e., without a court order–there has been a "final judgment on the merits" for purposes of *res judicata*.[8]

### III.   FACTS ASSUMED TO BE TRUE BASED ON COMPLAINT AND DOCUMENTS

The following facts are assumed to be true based on the factual allegations of Plaintiff's Complaint and the documents referenced in, or integral to, the Nettles Defendants' Answer (i.e., the pleadings, stipulations and decisions in *Estate of David C. Nettles v. Cascio*, 08-CV-0063 [N.D.N.Y.]). (*See generally* Dkt. No. 1; *Estate of David C. Nettles v. Cascio*, 08-CV-0063, Docket Sheet [N.D.N.Y.]; *compare* Dkt. No. 34, Attach. 1 [Nettles Defs.' Statement of Material Facts] *with* Dkt. No. 42, Attach. 4 [Plf.'s Response to Statement of Material Facts].)

On October 1, 2006, David C. Nettles and Plaintiff were involved in a motor vehicle collision. On January 17, 2008, the Nettles Defendants commenced Action 1 against Plaintiff. On February 26, 2008, then-Defendant (now Plaintiff) filed an Answer in Action 1, which did not contain any allegations of personal injury and/or property damage.

On April 1, 2009, the parties signed a document entitled "Joint Stipulation Discontinuing Action with Prejudice" in Action 1. *See Estate of David C. Nettles v. Cascio*, 08-CV-0063,

---

   [8]   This is because (1) the entry of a court order or judgment is not necessary in federal court to consummate such a voluntary dismissal (which is self-executing), and (2) a stipulation dismissing an action with prejudice has the effect of a final *adjudication* on the merits. *Nance v. NYPD*, 31 F. App'x 30, 33, n.4 (2d Cir. 2002); *see, e.g., Nemaizer v. Baker*, 793 F.2d 58, 60, 61 (2d Cir. 1986) (finding that a joint voluntary dismissal of an action with prejudice in federal court pursuant to Fed. R. Civ. P. 41[a][1][A]ii, which was perfunctorily "so ordered" by the judge, had "the effect of a final adjudication on the merits" and "constitute[d] a final judgment with the preclusive effect of res judicata" [internal quotation marks omitted].

Stipulation of Dismissal (N.D.N.Y. filed Apr. 14, 2009). The dismissal expressly covered the entire "action." *Id*. Moreover, while not expressly stated in the "Joint Stipulation Discontinuing Action with Prejudice," the dismissal was pursuant to Fed. R. Civ. P. 41(a)(2) (i.e., pursuant to a Court Order). This is because, less than a month before the parties signed the "Joint Stipulation Discontinuing Action with Prejudice," they obtained from the Court, upon motion, an Order approving of the "proposed compromise" between the parties, as required by New York Estates, Powers, and Trusts Law § 5-4.6 for a dismissal by stipulation to occur. *See Estate of David C. Nettles v. Cascio*, 08-CV-0063, Order (N.D.N.Y. filed March 12, 2009). More specifically, in that Order, the Court found the terms of the dismissal to be proper, as required by Fed. R. Civ. P. 41(a)(2). *Id*. at 2 (concluding that "the terms of the compromise are reasonable, given the nature of the [wrongful death] claim [brought by Plaintiff against Defendant], the amount offered by the Defendant's insurer and the likelihood of possible recovery were Plaintiff to pursue a money judgment against Defendant").[9]

On October 7, 2009, Plaintiff commenced this action against the Nettles Defendants and Robert J. Ferguson. The action seeks damages as a result of the same motor vehicle accident which occurred on October 1, 2006, that was the subject of the Action 1. On December 23, 2009, the Nettles Defendants filed their Answer. On March 29, 2010, United States Magistrate Judge David R. Homer granted the Nettles Defendants leave to file an Amended Answer.

On May 11, 2010, the Nettles Defendants filed an Amended Answer, which asserted the affirmative defenses of *res judicata*, collateral estoppel and failure to plead a mandatory counterclaim pursuant to Fed. R. Civ. P. 13(a). These affirmative defenses stem from the

---

[9] The Court notes that, afer the parties filed the "Joint Stipulation Discontinuing Action with Prejudice," the district judge presiding in the case signed that document in order to administratively close the case. *See Estate of David C. Nettles v. Cascio*, 08-CV-0063, Stipulation and Order Dismissing Case (N.D.N.Y. filed Apr. 14, 2009).

pleadings in Action 1, and the failure by then-Defendant (now Plaintiff) to raise mandatory counterclaims in his Answer regarding any allegations of personal injury and/or property damage.

IV.  ANALYSIS

    A.  **Waiver of Compulsory Counterclaim**

As stated above in Part I.B. of this Decision and Order, the Nettles Defendants seek the dismissal of Plaintiff's claims on grounds of waiver, based on Plaintiff's failure to assert a compulsory counterclaim in Action 1.  Based on the current record, the Court accepts the Nettles Defendants' argument.

As explained above in Part II.B. of this Decision and Order, a claim is compulsory if a logical relationship exists between the claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.  When a claim is compulsory, a party fails to plead it cannot do so in a subsequent lawsuit.

Here, Plaintiff does not dispute that the essential facts of his claim in this action are logically connected to the essential facts of the Nettles Defendants' claim in Action 1.  Rather, Plaintiff argues that his claim for damages based on the Nettles Defendants' alleged negligence was not a compulsory counterclaim that needed to be asserted in Action 1 for the following reasons: (1) Action 1 "was settled with little Court involvement or judicial time extended"; (2) Plaintiff was "all but incompetent" as a result of the injuries that he suffered from the collision, which "prevented him from weighing his options with respect to asserting a counterclaim"; (3) as the court noted in *Reynolds v. Hartford Accident and Indem. Co.*, 278 F. Supp. 331 (S.D.N.Y. 1967), Fed. R. Civ. P. 13(a) should not be read as barring compulsory counterclaims when doing

so results in triggering the merger doctrine or *res judicata*; and (4) Plaintiff's interests in Action 1 were adverse to those of his insurer, and Plaintiff's attorney (who was hired by the insurer) represented the insurer's interest by settling the case for the $100,000 policy limit.

As an initial matter, the fact that Action 1 "was settled with little Court involvement or judicial time extended" does not weigh in favor of finding that Plaintiff's claims in this action were not compulsory counterclaims in Action 1. The fact cited by Plaintiff is relevant (if at all) to a res judicata analysis, not a compulsory counterclaim analysis. What is relevant to a compulsory counterclaim analysis is whether a logical relationship existed between Plaintiff's unasserted counterclaim and the claim asserted by the Nettles Defendants in Action 1. Here, Plaintiff's insurance company had a right to set off any amount that it paid by any amount recovered by Plaintiff, as discussed more fully below, paid money to the Nettles Defendants in Action 1.

Similarly, the Court is not persuaded by Plaintiff's argument that he was "prevented . . . from weighing his options with respect to asserting a counterclaim," because he was "all but incompetent" as a result of the injuries that he suffered from the collision. (Dkt. No. 42, at 10.) Plaintiff's own affidavit acknowledges that the settlement of Action 1 occurred more than two years and five months after the accident in question, and more than a year and two months after he was served with papers in Action 1. (Dkt. No. 42, Attach. 3, at ¶¶ 2, 9, 10.) Furthermore, while he asserts that he would have decided to assert a counterclaim before the settlement "but for [his] severe injuries, medications and memory loss," he does not assert that he was actually incompetent before the settlement. (*Id*. at ¶ 14.) Notably, while he asserts that he took numerous medications, he bases that assertion upon information and belief, and further weakens it by asserting that he took the medications "on one or more occasions . . . over various long

13

periods of time." (*Id*. at ¶ 7.)  Moreover, by the time the settlement occurred, Plaintiff had been discharged from the hospital for more than two years and three months.  (*Id*. at ¶¶ 2, 8, 10.) Conspicuously absent from Plaintiff's declaration is any assertion that he had been found to be incompetent by a medical professional, or that he had been subsequently appointed an Attorney in Fact to make legal decisions for him.  (*See generally* Dkt. No. 42, Attach. 3.)  Also conspicuously absent from Plaintiff's declaration is any assertion that he has even contemplated filing a claim for malpractice against him former attorney for failing to advise him of the availability of a counterclaim.[10]

With respect to Plaintiff's argument that his interests were adverse to those of his insurer, granted, it is true that "an insurance company [that] has a duty to defend its insured . . . also has the right to control the litigation and to select the counsel it wishes to handle the insured's defense." *Mount Vernon Fire Ins. Co. v. J.J.C. Stucco & Carpentry Corp*., 95-CV-5202, 1997 WL 177864, at *3 (E.D.N.Y. Apr. 3, 1997).  However, the fact that an insurance company has the right to control the litigation and select the insured's counsel does not compel the conclusion that the insured's interests cannot be represented in that action (such that the insured may avoid dismissal on grounds of waiver in a subsequent action involving the same facts and circumstances).  To the contrary, it is "well-settled that the counsel retained by an insurance company to represent an insured has an attorney-client relationship only with the insured, and owes its entire allegiance only to the insured." *Schneider v. Canal Ins. Co.*, 98-CV-5368, 1999 WL 689476, at *14 (E.D.N.Y. Sept. 1, 1999).  Simply stated, while Plaintiff's

---

[10]   *See Rejohn v. Serpe*, 478 N.Y.S.2d 799, 800-02 (N.Y. Dist. Ct., Suffolk Cnty., 1984) (holding that attorney retained by insurer was negligent in representing both insurer and service station employee without disclosing the represented parties' diverse interests, and in failing to notify employee of prospective settlement before settling federal action).

insurance company may have informed his attorney of the amount it was willing to pay in order to settle Action 1, his attorney had a duty (and may be presumed in this Decision and Order to have fulfilled that duty) to represent his interests, including those interests in conflict with the insurance company's interests.

Moreover, here, Plaintiff's interests in Action 1 were not actually adverse to those of his insurance company. In Action 1, Plaintiff's insurance company paid the Nettles Defendants $100,000 in settlement of all claims. Under the doctrine of equitable subrogation, before Plaintiff may recover any damages from the Nettles Defendants in this action, Plaintiff's insurance company must be reimbursed this $100,000 amount.[11] Based on this right to reimbursement, Plaintiff's insurance company had every incentive to assert in Action 1 any viable counterclaim that Plaintiff may have had against the Nettles Defendants. As a result, this case is distinguishable from *Reynolds v. Hartford Accident and Indem. Co*. *Cf. Baker v. S. Pac. Transp.*, 542 F.2d 1123, 1126 (9th Cir. 1976) (affirming district court's dismissal of plaintiff's claim on grounds of waiver, based on plaintiff's failure to assert compulsory counterclaim in the first action, and distinguishing the *Reynolds* case on the ground that "the insurer in that case had no interest in the insured's counterclaim, having paid no part of the insured's loss").

For these reasons, the Court concludes that Plaintiff's claims against the Nettles Defendants were compulsory counterclaims in Action 1, which must be dismissed from this action on the ground of waiver.

---

[11] More specifically, under the doctrine of equitable subrogation, before an insured may recover damages from a third party, the insurance company must be made whole for monies that it paid to the insured (or, in this case, moneys that it paid to a third-party plaintiff in defense of the insured). *See Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 260 (2d Cir. 1999) ("An insurer's right of subrogation attaches, by operation of law, upon its payment of an insured's loss.").

B.     **Doctrine of *Res Judicata***

As stated above in Part I.B. of this Decision and Order, the Nettles Defendants seek the dismissal of Plaintiff's claims on the alternative ground of *res judicata*, because Plaintiff could have brought his current claims in Action 1, which resulted in a final judgment on the merits. Based on the current record, the Court accepts the Nettles Defendants' alternative argument that Plaintiff's claims are barred by the doctrine of *res judicata*.

As stated above in Part II.C. of this Decision and Order, the doctrine of res judicata or claim preclusion is based on the theory that a judgment reached on the merits bars subsequent actions between the same parties or privies based on the same cause of action. More specifically, an order of dismissal will bar an action by way of res judicata if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) in a case involving the same cause of action.

Here, the Court finds that the elements of *res judicata* are met. The parties' "Joint Stipulation Discontinuing Action with Prejudice," which was filed by them with the prior approval of district judge presiding in Action 1, constituted a "final judgment" on the merits in Action 1, in a court of competent jurisdiction. Moreover, Action 1 involved the same parties as involved in the current action. Finally, Plaintiff had available to him in Action 1 the same cause of action as asserted by him in the current action.[12]

---

[12]     *See Oneida Indian Nation of New York v. New York*, 194 F. Supp.2d 104, 125 (N.D.N.Y. 2002) (Kahn, J.) ("Res judicata applies to any claim or defense previously available, whether or not it was actually litigated or determined."); *Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 726-27 (2d Cir. 1981) ("The principle of res judicata bars a subsequent suit between the same parties or their privies where a prior action has resulted in a judgment on the merits of the same cause of action. . . . Res judicata prevents the subsequent litigation of any defense or ground for recovery that was available to the parties in the original action, whether or not it was actually litigated or determined. . . . The fact that several operative facts may be common to successive actions between the same parties does not mean that a judgment in the first will

For these reasons, Plaintiff's claims are dismissed on the alternative ground of *res judicata*.

**ACCORDINGLY**, it is

**ORDERED** that the Nettles Defendants' motion for judgment on the pleadings (Dkt. No. 34) is **GRANTED**. The clerk is directed to terminate Defendants Mareva Nettles and the Estate of David C. Nettles from this action.

Dated: August 30, 2011
        Syracuse, New York

                                    Hon. Glenn T. Suddaby
                                    U.S. District Judge

---

always preclude litigation of the second. Whether or not the first judgment will have preclusive effect depends on whether a different judgment in the second action would impair rights or interests created by the first judgment, whether the same evidence is necessary to support both claims, and whether the essential facts in the second were present in the first.").